# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-23-00057-CV

**John P. DeGomez, Appellant**

**v.**

**Ann Elizabeth Haworth, Appellee**

### FROM THE 335TH DISTRICT COURT OF LEE COUNTY
### NO. 17,727, THE HONORABLE CARSON TALMADGE CAMPBELL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After considering the motion for rehearing filed by John P. DeGomez, we deny the motion for rehearing but withdraw our opinion and judgment issued on March 28, 2024, and substitute the following opinion and judgment in their place.

John P. DeGomez appeals from the trial court's order granting Ann Elizabeth Haworth's motion for summary judgment and its three post-judgment orders awarding sanctions, statutory damages, interest, and attorney's fees against him. For the following reasons, we reverse in part the trial court's order granting summary judgment, affirm the remainder of that order, reverse its post-judgment orders without considering their merits, and remand the case to the trial court for further proceedings.

## BACKGROUND

DeGomez and Haworth are first cousins. DeGomez is a semi-retired attorney who practiced law in California before moving to Texas. After Haworth was injured in October 2009 in the Fiji Islands, she hired an attorney who practiced in the Fiji Islands to file and handle a personal-injury lawsuit there. DeGomez advised Haworth concerning the lawsuit until 2016 when Haworth told him that she did not want his involvement in the matter. In November 2016, DeGomez sent written notice to Haworth that he was "withdrawing from our professional association" and that he would be "asserting a lien against any award, recovery, and/or settlement of [her] case to satisfy attorney fees, [his] out of pocket costs to date, and various personal loans extended to [her]." He also provided written notice to Haworth's attorney in the Fiji Islands of his withdrawal and lien concerning any recovery from the personal-injury lawsuit.

The parties' dispute also concerns a handwritten "IOU to J.P. DeGomez" that Haworth signed, listing $2,000, $6,000, and $750 as of April 6, 2016, and $25,000 as of May 30, 2016, for $35,000 total:



According to DeGomez, he loaned Haworth $25,000 to make a periodic payment for her sister's interest in real property; $6,000 to pay credit-card debt; $2,000 to pay living expenses; and $750 to pay other expenses, and she promised to repay those amounts from any recovery from the personal-injury lawsuit. In November 2016, DeGomez also filed a "Notice of Lien on Real Property" belonging to Haworth in the Lee County Property Records as "security for repayment of an installment-payment-loan of $25,000 (plus interest)" to Haworth. He also recorded as attachments to the notice the IOU and a copy of his $25,000 check to Haworth.

In November 2021, DeGomez, acting pro se, sued Haworth. His asserted causes of action were: (i) "breach of straight note contract," based on his loans to Haworth and her IOU; (ii) quantum meruit, based on alleged legal services that he provided to Haworth in the personal-injury lawsuit; (iii) breach of contract, based on Haworth's alleged failure to provide access to or purchase his 1/3 interest in a tractor and other equipment ("farm equipment") and related expenditures; and (iv) conversion, based on Haworth's alleged possession of personal property belonging to him and Haworth's aunt, including the farm equipment and a "coffee table, mirror, garden vacuum, photograph, gate remote, and keys." DeGomez also sought to recover attorney's fees. *See* Tex. Civ. Prac. & Rem. Code § 38.001 (authorizing recovery of attorney's fees in addition to amount of valid claim and costs as to certain claims).

Haworth's first amended answer asserted a general denial, and, after 10 months, she filed an amended motion for no-evidence and traditional summary judgment. Among her grounds for no-evidence summary judgment, Haworth argued that: (i) there was no evidence to support DeGomez's breach-of-contract claims because there was no evidence that a valid contract existed, that he paid for any items that he was claiming, or that Haworth agreed to be liable for the "supposed charges"; (ii) there was no evidence to support his quantum meruit claim

3

because there was no evidence that he provided specific legal services or that even if he had provided those services, she had reasonable notice that "her own family member expected her to pay for those ancillary services"; and (iii) there was no evidence to support his conversion claim because he had no proof that he had legal possession or was entitled to legal possession of the personal property he alleged was converted or that he had demanded the property's return. Haworth also argued that DeGomez's pleaded facts established that his claims for breach of contract and quantum meruit should be dismissed on statute-of-limitations grounds. *See id.* § 16.004 (listing actions that are subject to four-year statute of limitations). Haworth attached evidence to her motion, including copies of the IOU; a spreadsheet showing alleged loans and expenditures by DeGomez from October 2010 to April 2017; handwritten notes from DeGomez to Haworth; and receipts of air fare, lodging, and car rental for the parties' travel to the Fiji Islands.

DeGomez filed a response to Haworth's motion for summary judgment with evidence and objected to the expense receipts attached to Haworth's motion. DeGomez's evidence included an affidavit by him, discovery responses by Haworth, and communications between the parties. DeGomez argued that the amounts owed by Haworth to him were "due, on a *condition precedent* of" her recovery from the personal-injury lawsuit in the Fiji Islands and that his suit was not barred by limitations because it was tolled. In his affidavit, DeGomez averred that Haworth "verbally promised [him] a contingency fee in accord with her recovery" from the personal-injury lawsuit and "twice verbally promised [him] a 1/3 sharing of her recovery for attorney fees" but that he had not received any payment for the legal work he provided; that the lawsuit settled sometime between December 2019 and February 2020; and that Haworth did not provide him with notice or disclose the terms of the settlement. He also averred

4

that he purchased a 1/3 interest in the farm equipment for $6,000, that Haworth had possession of personal property belonging to her aunt, that he had requested that the property be returned, and that Haworth had refused to return it. Further he averred that in 2016, he loaned Haworth $25,000 to purchase her sister's real property inheritance from their mother's estate.

The discovery responses included Haworth's responses to requests for admission. Haworth admitted that "[a]s of May 30, 2016, [she] had received personal loan-checks from Plaintiff in the sum of $35,750.00." She also admitted that DeGomez had paid for a 1/3 ownership interest in farm equipment, that he had paid 1/3 of the costs for construction of a barn to house this equipment, and that she had refused him access to the equipment since September 2016. According to DeGomez, Haworth had agreed to purchase his ownership interest in the equipment and to reimburse him for related expenses from any recovery from her personal-injury lawsuit.

Haworth filed a reply and objected to DeGomez's affidavits and exhibits. She argued that his affidavit was not incorporated by reference within his summary-judgment response and that his exhibits were not properly authenticated and constituted hearsay. The trial court held a hearing on the motion for summary judgment on November 1, 2022, but did not make a ruling on the motion at that time. The trial judge advised the parties that he would review the motions and gave DeGomez a week to file a response to Haworth's reply. Within this timeframe, DeGomez filed a response to the reply, raising among his arguments that Haworth's pleadings did not assert the defense of limitations. Approximately two weeks later, the trial court signed its order granting Haworth's motion for summary judgment in its entirety.

DeGomez filed a motion for reconsideration and motion for new trial and a motion for sanctions against Haworth, alleging that she had failed to appear for a deposition.

5

Haworth filed responses to DeGomez's motions, a first post-judgment motion for sanctions, and a post-judgment motion to expunge and for sanctions. In her post-judgment motion for sanctions, Haworth sought sanctions against DeGomez "for filing baseless and frivolous claims." She alleged that he filed his lawsuit against her in "bad faith and to harass [her]" and that he should have known when he filed suit that "there was no written contract" and that "the statute of limitations had long since expired." She sought sanctions, including attorney's fees, pursuant to the trial court's inherent power and Chapter 10 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code §§ 10.001–.004 (addressing sanctions for frivolous pleadings and motions). In her motion to expunge and for sanctions, Haworth alleged that DeGomez's "Notice of Lien on Real Property" that he filed in the Lee County Property Records was a fraudulent lien and asked the court to fine DeGomez $10,000 pursuant to Section 12.002 of the Texas Civil Practice and Remedies Code and $5,000 pursuant to Section 9.5185 of the Texas Business and Commerce Code and to award attorney's fees. *See id.* § 12.002 (addressing liability for recording fraudulent lien); Tex. Bus. & Com. Code § 9.5185 (addressing liability for filing of fraudulent financing statement).

On January 10, 2023, the trial court held a hearing on Haworth's motion to expunge and for sanctions and on DeGomez's motion for sanctions, motion for reconsideration, and motion for new trial. At the conclusion of the hearing, the trial judge stated that he was denying the motion for new trial and granting the motion to expunge the lien and for attorney's fees, explaining to DeGomez, "You filed your lien. That ran the statute of limitations." On the day of the hearing, Haworth filed an affidavit for attorney's fees with an attachment of itemized billing records. Her attorney averred that Haworth had incurred $37,784.25 in reasonable and necessary attorney's fees through January 9, 2023, and opined that if a judgment in favor of

6

Haworth was unsuccessfully appealed, reasonable and necessary appellate attorney's fees would be $7,500 for representation in the court of appeals; $5,000 for representation should a petition for review by the Texas Supreme Court be sought; $5,000 for representation in the Texas Supreme Court if the petition is granted; and $5,000 for representation through oral argument and the completion of the proceedings in the Texas Supreme Court.

Haworth provided proposed orders on her motion to expunge and for sanctions and her first post-judgment motion for sanctions, and DeGomez filed objections to those orders.[1] Thereafter, the trial court signed orders denying DeGomez's motion for reconsideration and motion for new trial and granting Haworth's post-judgment motions. In its order granting Haworth's motion to expunge and for sanctions, the trial court ordered that the "faulty and erroneous lien filed by [DeGomez] against the real property owned by [Haworth] is hereby completely expunged." The trial court ordered DeGomez to file a release of lien; to pay Haworth $10,000, as both a sanction under Texas Rule of Civil Procedure 13 and under the provisions of Section 12.002 of the Texas Civil Practice and Remedies Code, *see* Tex. Civ. Prac. & Rem. Code § 12.002; Tex. R. Civ. P. 13; and to pay Haworth $5,000, as both a sanction under Rule 13 and under the provisions of Section 9.5185 of the Texas Business and Commerce Code, *see* Tex. Bus. & Com. Code § 9.5185; Tex. R. Civ. P. 13.

---

[1] DeGomez's objections to Haworth's proposed order granting her motion to expunge and for sanctions included that she had not asserted the statutory claims in her pleadings pursuant to Texas Rule of Civil Procedure 97 and did not premise her motion on Texas Rule of Civil Procedure 13. *See* Tex. R. Civ. P. 13 (authorizing sanctions for groundless pleadings or motions filed in bad faith or to harass), 97 (addressing counterclaims). DeGomez's objections to Haworth's proposed order concerning her first post-judgment motion for sanctions included that the proposed sanctions could not be based on limitations because Haworth's pleadings did not include this affirmative defense and the proposed sanctions, including attorney's fees, would violate his equal protection and due process rights because the motion was not noticed for or heard at the January hearing or at any other time.

In its order granting Haworth's first post-judgment motion for sanctions, the trial court found that DeGomez's "suit was baseless, frivolous, and filed in bad faith with intent to harass [Haworth]"; that his notice of lien "was faulty, improper, and had no standing or legal basis under the Texas Property Code or other Texas laws"; and that DeGomez had violated Section 10.001 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 10.001. The trial court ordered DeGomez to pay Haworth $15,000 as a sanction and $27,617.50 in attorney's fees pursuant to Section 10.004(c)(3). *See id.* § 10.004(c)(3) (authorizing award of reasonable attorney's fees as sanction).

In its order denying DeGomez's motion for reconsideration and motion for new trial, the trial court also ordered DeGomez to pay Haworth $10,166.75 for attorneys' fees that she had incurred in responding to DeGomez's motions after the summary-judgment hearing; set the amount of an appeal bond at $75,000; and conditionally ordered DeGomez to pay appellate attorney's fees: $7,500 if he unsuccessfully appealed to an intermediate court of appeals and $10,000 if he unsuccessfully appealed to the Texas Supreme Court.

This appeal followed.

**ANALYSIS**

DeGomez raises six issues on appeal. His first three issues challenge the trial court's order granting Haworth's motion for summary judgment and dismissing his claims, and his remaining issues challenge the trial court's orders granting Haworth's post-judgment motions and awarding sanctions, statutory damages, interest, and attorney's fees.

8

**Summary Judgment**

In his first three issues, DeGomez argues that: (i) the trial court erred in granting Haworth's motion for no-evidence and traditional summary judgment;[2] (ii) he presented more than a scintilla of evidence to support the challenged elements of his claims; and (iii) the trial court erred by granting traditional summary judgment on Haworth's affirmative defenses because she did not plead the defenses, they were not tried by consent, she did not conclusively establish the defenses, and Haworth presented sufficient evidence to preclude summary judgment based on those defenses.

*Standard of Review*

We review the trial court's summary-judgment rulings de novo. *See Zive v. Sandberg*, 644 S.W.3d 169, 173 (Tex. 2022); *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). Under this standard, we view "the evidence in the light most favorable to the non-movant, crediting evidence favorable to the non-movant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Zive*, 644 S.W.3d at 173 (citing *Erikson v. Renda*, 590 S.W.3d 557, 563 (Tex. 2019)).

When the trial court does not specify the grounds for its summary judgment, as is the case here, the appellate court must affirm the summary judgment "if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). To prevail on a traditional motion for summary judgment, the movant must demonstrate that there are no genuine issues of material

---

[2] On appeal, Haworth contends that the trial court only granted her no-evidence motion, but we interpret the trial court's order as not specifying its ground for summary judgment. *See Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

fact and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Knott*, 128 S.W.3d at 215–16. A movant seeking a no-evidence summary judgment must assert that "there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." Tex. R. Civ. P. 166a(i). "The court must grant the motion unless the respondent produces summary-judgment evidence raising a genuine issue of material fact" on the challenged elements. *Id.*; *see JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006).

"A genuine issue of material fact exists if it 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "The evidence does not create an issue of material fact if it is 'so weak as to do no more than create a mere surmise or suspicion' that the fact exists." *Id.* (quoting *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014)).

*Breach-of-Contract Claims*

DeGomez asserted two breach-of-contract claims: one based on his loans and Haworth's IOU and the other based on the farm equipment and related expenses. In her motion for no-evidence summary judgment, Haworth asserted that there was no evidence of a valid contract to support either of these claims. *See Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (stating that essential elements of breach-of-contract claim include "the existence of a valid contract").

To prove the existence of a valid contract, "the plaintiff must establish that (1) an offer was made; (2) the other party accepted in strict compliance with the terms of the offer; (3) the parties had a meeting of the minds on the essential terms of the contract (mutual assent); (4) each party consented to those terms; and (5) the parties executed and delivered the contract with the intent that it be mutual and binding." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018); *see Adcock v. Five Star Rentals/Sales, Inc.*, No. 04-17-00531-CV, 2018 Tex. App. LEXIS 2690, *4 (Tex. App.—San Antonio Apr. 18, 2018, no pet.) (mem. op.) (stating "elements needed to form valid and binding contract"). "The elements of written and oral contracts are the same and must be present for a contract to be binding." *Critchfield v. Smith*, 151 S.W.3d 225, 233 (Tex. App.—Tyler 2004, pet. denied). "In determining the existence of an oral contract, the court looks to the communications between the parties and to the acts and circumstances surrounding those communications." *Id.* (quoting *Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied)).

Beginning with DeGomez's breach-of-contract claim based on his loans to Haworth and the IOU, Haworth attached a copy of the IOU to her motion for summary judgment. On its face, Haworth promised to pay DeGomez $35,000. The summary-judgment evidence also included correspondence from Haworth in which she admits that DeGomez had loaned her money, stating that he would be "reimbursed for the Fiji loan if and when I win the Western Fiji case"; her response to requests for admission admitting that "[a]s of May 30, 2016, [she] had received personal loan-checks from Plaintiff in the sum of $35,750.00"; the copy of a $6,000 check signed by DeGomez, dated February 10, 2016, and payable to and endorsed by Haworth for deposit; and a spreadsheet that was attached to Haworth's motion for summary

11

judgment that reflects that in 2016, DeGomez loaned Haworth $6,000 for credit-card debt, $25,000 "for real property," $2,000 for living expenses, and $750 for expenses.

Viewing this evidence in the light most favorable to DeGomez, we conclude that it was sufficient to raise a genuine issue of material fact as to whether a valid and binding contract existed between the parties. *See Zive*, 644 S.W.3d at 173; *see also Crego v. Lash*, No. 13-12-00100-CV, 2014 Tex. App. LEXIS 3272, at *16 (Tex. App.—Corpus Christi–Edinburg Mar. 27, 2014, no pet.) (mem. op.) (addressing demand notes and explaining that loan agreement that does not contain time for repayment is payable on demand); *Fuqua v. Fuqua*, 750 S.W.2d 238, 241 (Tex. App.—Dallas 1988, writ denied) (stating that loans in that case were "evidenced by cancelled checks, check stubs, and an I.O.U.").

In her motion for summary judgment, Haworth also challenged DeGomez's breach-of-contract claims on the ground that they were barred by the applicable statute of limitations, but she did not plead limitations as an affirmative defense. *See In re S.A.P.*, 156 S.W.3d 574, 576 n.3 (Tex. 2005) ("[A] motion for summary judgment is not a pleading." (citing Tex. R. Civ. P. 45(a))); *Gordon v. South Tex. Youth Soccer Ass'n*, 623 S.W.3d 25, 36–37 (Tex. App.—Austin 2021, pet. denied) (collecting cases stating that motion is not pleading). And in response to Haworth's motion for summary judgment, DeGomez expressly objected to the unpleaded limitations defense. *See Mosbey v. Bowman*, No. 14-17-00321-CV, 2018 Tex. App. LEXIS 2661, at *4–5 (Tex. App.—Houston [14th Dist.] Apr. 17, 2018, no pet.) (mem. op.) (stating that limitations is affirmative defense that parties are required to plead and that summary judgment cannot be granted on unpleaded affirmative defense when nonmovant objects); *see also* Tex. R. Civ. P. 94 (addressing affirmative defenses). Although DeGomez did not assert his objection until after the hearing on Haworth's motion for summary judgment, the

trial court did not decide the motion during the hearing, and DeGomez asserted his objection prior to the trial court's order granting summary judgment. Thus, the trial court erred to the extent that it granted summary judgment on DeGomez's breach-of-contract claims based on limitations.

Haworth also sought traditional summary judgment on DeGomez's breach-of-contract claim that was based on his loans and the IOU because he referred to this claim as "Breach of Straight Note Contract." Haworth argued that she "could not find reference to such a claim or valid cause of action anywhere in Texas case law or Texas statutes." That DeGomez included "Straight Note" between "Breach of" and "Contract" when referring to this claim does not impact our analysis. His pleaded allegations concerning his loans to Haworth and the IOU were sufficient to give fair notice that he was alleging breach of contract because she had not repaid him for the loaned amounts. *See* Tex. R. Civ. P. 47(a) (requiring pleading to give short statement of cause of action sufficient to give fair notice of claim involved); *see, e.g.*, *Barcus v. Scharbauer*, No. 05-19-01121-CV, 2021 Tex. App. LEXIS 2889, at *11 (Tex. App.—Dallas Apr. 15, 2021, no pet.) (mem. op.) (concluding that allegations that transactions were notes, "even if that incorrectly named [party's] theory," did not negate that pleadings were sufficient to provide fair notice of claim).

Because we have concluded that there is a genuine issue of material fact as to whether there was a valid contract between the parties, we conclude that the trial court erred when it granted summary judgment and dismissed DeGomez's breach-of-contract claim as to his loans to Haworth and her IOU. *See* Tex. R. Civ. P. 166a(c), (i); *Parker*, 514 S.W.3d at 220. We, however, reach a different conclusion as to DeGomez's breach-of-contract claim that is based on the farm equipment and related expenses.

13

As to that claim, DeGomez averred in his affidavit that he purchased a 1/3 interest in the farm equipment by paying $6,000 to Haworth's brother-in-law during the administration of the estate of Haworth's mother and paid a portion of the construction costs for a barn, but he did not present evidence that "would enable reasonable and fair-minded people" to find that he and Haworth had a meeting of the minds that contractually required her to purchase his interest in the farm equipment or to reimburse him for related expenses, such as the construction costs for a barn.[3] *See Parker*, 514 S.W.3d at 220. Applying the applicable standard of review, we conclude that DeGomez did not present sufficient evidence to create a fact issue on the challenged element of a valid contract between him and Haworth concerning the farm equipment and related expenses. *See* Tex. R. Civ. P. 166a(i); *Hernandez*, 622 S.W.3d at 864; *Mack Trucks, Inc.*, 206 S.W.3d at 581–82. Thus, we conclude that the trial court did not err in granting no-evidence summary judgment on DeGomez's breach-of-contract claim as to the farm equipment and related expenses.

---

[3] DeGomez's evidence included correspondence between him and Haworth about the tractor but viewing that evidence in the light most favorable to DeGomez does not create a fact issue on the existence of a valid contract between them. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018) (listing elements to prove existence of valid contract). In the correspondence Haworth stated that DeGomez would be bought out of his interest in the tractor when and if she won the personal-injury lawsuit, but there was no evidence that he accepted this offer or that the parties had a meeting of the minds on the essential terms of the contract, such as the price that she would pay him for his interest in the tractor. *See, e.g., John Wood Grp. USA, Inc. v. ICO, Inc.*, 26 S.W.3d 12, 20 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (stating that material terms of contract for sale include consideration or price to be paid for property). No binding contract is formed "[w]here an essential term is open for future negotiation." *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992); *see id.* (explaining that to be legally binding, "contract must be sufficiently definite in its terms so that a court can understand what the promisor undertook").

14

*Quantum Meruit*

DeGomez's quantum meruit claim was based on his allegations that he provided valuable legal services to Haworth concerning her personal-injury lawsuit in the Fiji Islands. In his pleadings, DeGomez alleged that Haworth promised to pay him for the reasonable value of the services that he provided concerning the lawsuit and that the value was at least $20,000 or 1/3 of Haworth's settlement amount.

To recover under a quantum meruit claim, a plaintiff must prove that: (1) valuable services were rendered, (2) for the person sought to be charged, (3) those services were accepted by the person sought to be charged, and (4) the person sought to be charged was reasonably notified that the plaintiff was expecting to be paid by the person sought to be charged. *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 732–33 (Tex. 2018). In her motion for no-evidence summary judgment, Haworth challenged the first and fourth elements of this claim.

In his affidavit, DeGomez avers that his "services were very much required" as he managed Haworth's claim with the defendant's insurance company, that he provided "drafts of evaluations and pleadings" to Haworth's attorney in the Fiji Islands, that he was required to travel to the Fiji Islands twice—once in 2011 and once in 2015—and that he prepared an expert and paid the expert witness's fee before trial.[4] But these statements in his affidavit were not sufficient to raise a fact issue that he provided valuable legal services to Haworth concerning her Fiji Islands lawsuit or that she was reasonably notified that he was expecting to be paid for the value of those services. DeGomez's general statements about his actions concerning Haworth's personal-injury lawsuit would not enable reasonable and fair-minded people to find that his

---

[4] In his affidavit, he also references a "5 [inch]" thick litigation file with medical records" as to the personal-injury lawsuit in the Fiji Islands, but he did not include this file among his summary-judgment evidence.

services were valuable to the lawsuit or that Haworth was reasonably notified that he was expecting to be paid for the value of those services. *See Parker*, 514 S.W.3d at 220; *see also Leonard v. Knight*, 551 S.W.3d 905, 911 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("Affidavits that state conclusions without providing underlying facts to support those conclusions are not proper summary judgment evidence." (citing *Padilla v. Metropolitan Transit Auth. of Harris Cnty.*, 497 S.W.3d 78, 86 (Tex. App.—Houston [14th Dist.] 2016, no pet.))). For example, he did not provide evidence that would support that his preparation of the expert or the amount that he paid the expert provided value to the lawsuit or that Haworth had knowledge of this value and agreed to reimburse him for that value.

DeGomez also relies on an August 2010 "Designation of Attorney" by Haworth "pursuant to the California Insurance Code," declaring that she had retained DeGomez to represent her concerning her accident in the Fiji Islands, but that document does not address the valuable legal services that DeGomez provided in the litigation. There was no evidence that DeGomez was licensed to practice law in the Fiji Islands or that DeGomez notified Haworth of the value of the services that he was providing and that he expected her to pay for those services. In his affidavit, DeGomez avers that Haworth "verbally promised" to pay him a contingent interest in any recovery.[5] Orally promising to pay a share of the recovery, however, is not evidence of valuable services that DeGomez provided to Haworth concerning her lawsuit and does not equate to her agreement to pay the value of any such services. *See Hill*, 544 S.W.3d at

---

[5] "A party generally cannot recover under a quantum-meruit claim when there is a valid contract covering the services or materials furnished." *See Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 733 (Tex. 2018). A contingent-fee contract for legal services, however, must be in writing and signed by the attorney and client to be enforceable. *See* Tex. Gov't Code § 82.065(a). Thus, even if Haworth orally agreed to pay DeGomez a share of any recovery from the lawsuit, her promise would not have been enforceable.

16

736–37 ("When an attorney attempts to support a quantum-meruit claim with a bare contingent-fee percentage and no supporting evidence of the value of services rendered, courts deem the claimed contingent-fee agreement 'no evidence' of the reasonable value of the services performed.").

Applying the applicable standard of review, we conclude that the trial court did not err in granting no-evidence summary judgment on DeGomez's quantum meruit claim. *See* Tex. R. Civ. P. 166a(i); *Hernandez*, 622 S.W.3d at 864; *Mack Trucks, Inc.*, 206 S.W.3d at 581–82.

*Conversion*

DeGomez's conversion claim was based on his allegations that Haworth had possession of personal property belonging to him and Haworth's aunt. The property included the farm equipment and a "coffee table, mirror, garden vacuum, photograph, gate remote, and keys." To recover under a conversion claim, a plaintiff must prove: (1) the plaintiff owned or had legal possession of the property or entitlement to the property; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded the return of the property; and (4) the defendant refused to return the property. *See J.P. Morgan Chase Bank, N.A. v. Texas Cont. Carpet, Inc.*, 302 S.W.3d 515, 536 (Tex. App.—Austin 2009, no pet.) (citing *Augillard v. Madura*, 257 S.W.3d 494, 500 (Tex. App.—Austin 2008, no pet.)). In her motion for no-evidence summary judgment, Haworth argued that there was no evidence to support DeGomez's conversion claim because he had no proof that he had legal possession or was entitled to legal possession of the personal property that he alleged was converted or that he had demanded the property's return.

17

To create a fact issue, DeGomez relies on his affidavit, responses to discovery by Haworth, and other documents that he filed in response to Haworth's motion for summary judgment. In his affidavit, DeGomez averred that he was the administrator of Haworth's aunt's estate, that Haworth "has personal property that belonged to her Aunt," and that he had requested that those items be returned, but that she "ha[d] refused." The evidence also includes a 2017 letter from him to Haworth listing property that her aunt had loaned to her or that was in Haworth's possession belonging to her aunt. And in her responses to requests for admission, Haworth admitted that she had "refused Plaintiff access, and/or any use" of the farm equipment since September 2016. But this evidence does not create a fact issue as to whether DeGomez owned or had legal possession of or was entitled to legal possession of the identified property belonging to Haworth's aunt or the farm equipment. *See id.*

Applying the applicable standard of review, we conclude that the trial court did not err in granting no-evidence summary judgment on DeGomez's conversion claim.[6] *See* Tex. R. Civ. P. 166a(i); *Hernandez*, 622 S.W.3d at 864; *Mack Trucks, Inc.*, 206 S.W.3d at 581–82.

---

[6] Haworth also sought summary judgment to the extent that DeGomez was seeking exemplary damages for his conversion claim. We need not address the evidence to support his claim for exemplary damages because we conclude that the trial court did not err in granting summary judgment on his conversion claim. *See* Tex. R. App. P. 47.1.

18

*Conclusion as to Trial Court's Summary-Judgment Rulings*

For these reasons, we sustain DeGomez's first, second, and third issues to the extent that they challenge the trial court's summary-judgment ruling on his breach-of-contract claim that is based on his loans and Haworth's IOU, overrule his first two issues to the extent that they challenge the trial court's summary judgment on his remaining claims, and do not reach his third issue challenging Haworth's motion for traditional summary judgment as to those claims. *See Knott*, 128 S.W.3d at 216 (stating that appellate court must affirm summary judgment "if any of the theories presented to the trial court and preserved for appellate review are meritorious"); *see also Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004) (stating that when defendant filed motion for traditional and no-evidence summary judgment and plaintiff failed to present evidence that created fact issue on element challenged in motion for no-evidence summary judgment, there was no need to analyze whether defendant satisfied burden to establish that it was entitled to traditional summary judgment).

## Sanctions and Attorney's Fees

In his three remaining issues, DeGomez challenges the trial court's post-judgment orders awarding sanctions, statutory damages, interest, and attorney's fees.[7] The trial court's post-judgment orders were based in part on its finding that DeGomez's "suit was baseless, frivolous, and filed in bad faith with intent to harass [Haworth]," and it is clear from the record that in making this finding, the trial court considered the unpleaded defense of limitations.

Given our analysis above and reversal in part of the trial court's order granting summary judgment, we reverse the trial court's post-judgment orders without addressing their

---

[7] To the extent DeGomez challenges the trial court's order setting the amount of an appeal bond at $75,000, that challenge is moot.

merits and remand the post-judgment motions to the trial court for reconsideration. *See Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 55 (Tex. 2021) (stating that resolving sanctions dispute "would be premature" because of disposition on appeal and declining to review sanctions award "at this time, as it is entirely possible our decision would have no effect on the ultimate outcome"); *PR Invs. & Specialty Retailers, Inc. v. State*, 251 S.W.3d 472, 480 (Tex. 2008) (agreeing with court of appeals that award of sanctions should be reversed and remanded for further consideration); *Bruni v. Bruni*, 924 S.W.2d 366, 368–69 (Tex. 1996) (recognizing that judgment on remand "may be significantly different" because trial court had premised judgment on erroneous conclusions of law and remanding award of attorney's fees so that trial court would have "opportunity to reconsider" when rendering judgment on remand); *Phillips v. Rob Roy Homeowners Ass'n*, No. 03-21-00543-CV, 2023 Tex. App. LEXIS 2295, at *20–21 (Tex. App.—Austin Apr. 7, 2023, pet. denied) (mem. op.) (reversing award of attorney's fees and remanding to trial court for reconsideration "[g]iven our disposition of this appeal"); *Guion v. Guion*, 597 S.W.3d 899, 911 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (remanding award of attorney's fees to give trial court opportunity to reassess attorney's fees when it renders new judgment); *see also, e.g.*, *Nath v. Texas Children's Hosp.*, 446 S.W.3d 355, 373 (Tex. 2014) (remanding case to trial court for reassessment of sanctions); *Edwards Aquifer Auth. v. Chemical Lime, Ltd.*, 291 S.W.3d 392, 405 (Tex. 2009) (remanding award of attorney's fees to trial court because party was no longer prevailing party and trial court "should have the opportunity to reconsider its award").

**CONCLUSION**

For these reasons, we reverse the trial court's order granting summary judgment to the extent that it granted summary judgment on DeGomez's breach-of-contract claim concerning his loans and Haworth's IOU, affirm the remainder of its order granting summary judgment, reverse the trial court's post-judgment orders without addressing their merits, and remand the case to the trial court for further proceedings.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Affirmed in Part; Reversed and Remanded in Part on Motion for Rehearing

Filed:   June 28, 2024